UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CURTIS YOUNG | * | CIVIL ACTION NO: ________ |
| | * | |
| VERSUS | * | |
| | * | |
| FREEPORT-MCMORAN OIL AND GAS, L.L.C., OFFSHORE MARINE CONTRACTORS, INC., AND L/B JAMIE G. EYMARD | * * * | SECTION: ________ |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S COMPLAINT**

Plaintiff Curtis Young ("Plaintiff") brings this action complaining of Freeport-McMoRan Oil and Gas, L.L.C., Offshore Marine Contractors, Inc. and L/B Jamie G. Eymard (collectively known as "Defendants") and will respectfully show the Court that:

**I.**

**Jurisdiction and Venue**

1. This action is within the jurisdiction of this Court based on the Outer Continental Shelf Lands Act, 43 U.S.C. § 1331, *et seq*.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant Offshore Marine Contractors, Inc. resides in this District.

**II.**

**Parties**

3. Plaintiff resides in the State of Louisiana.

4. Defendant Freeport-McMoRan Oil & Gas, LLC is a foreign corporate entity formed under the laws of Delaware doing substantial business in the state of Louisiana. It

may be served through its registered agent Corporation Service Company, 501 Louisiana Avenue, Baton Rouge, Louisiana 70802.

5. Defendant Offshore Marine Contractors, Inc. is a Louisiana Company with its principal place of business in Cut Off, Louisiana. It may be served through its registered agent for service, Martin S. Bohman, 133 West 113th Street, Cut Off, Louisiana 70345.

6. Defendant L/B Jamie G. Eymard is a vessel that is within the District or will be during the pendency of this lawsuit. Plaintiff requests that service of process on Defendant be held in abeyance pursuant to Supplemental Federal Rule of Certain Admiralty & Maritime Claims E(3)(c).

**III.**

**<u>Nature of the Action</u>**

7. At all times material hereto Defendant Offshore was the owner and operator of a vessel known as the L/B Jamie G. Eymard. Plaintiff entered into the employ of Defendant Offshore as an able seaman to work on the vessel. At the time of the occurrences made the basis of this lawsuit, Plaintiff was acting as an employee of Defendant Offshore as a seaman within the course of his employment and in the service of the vessel's mission.

8. On or about August 29, 2016, Plaintiff was aboard the L/B Jamie G. Eymard and engaged in work within the course and scope of his employment with Defendant Offshore. Defendant Offshore had contracted with Defendant Freeport-McMorRan to do work on Defendant McMoRan's rig. As a hurricane/tropical storm—Hermine—approached both Defendants Freeport-McMoRan and Offshore order the L/B Jamie G. Eymard and her crew to stay in place and continue working. It was during that storm, during Plaintiff's night shift, he was injured by a falling ladder while cleaning the deck as part of his duties. Plaintiff

suffered severe physical injuries as a result of the incident

9. Defendant McMoran was ultimately negligent for:

a. failing to adequately inspect its premises;

b. failing to maintain a safe platform;

c. failing to properly remedy or disclose the dangerous condition aboard its platform;

d. failing to provide and require use of proper tools to check for pressure in the wellhead;

e. failing to promulgate policies requiring use of two-man teams to remove hanger pins and require compliance by;

f. violating OSHA, MMS, and/or other State or Federal regulations applicable; and

g. other acts so deemed negligent.

***A. Negligence and Gross Negligence Against Defendant Offshore Marine Contractors, Inc.***

10. Plaintiff repeats and realleges each and every allegation contained above.

11. Defendant Offshore is liable to Plaintiff under the theory of negligence. The injuries to Plaintiff resulted as a proximate consequence of the negligence of Defendant Offshore, its agents, servants, and employees in the following fashion when Defendant Offshore:

- Failed to maintain the L/B Jamie G. Eymard and its appurtenances in a seaworthy condition;
- Failed to adequately secure the gear, tackle, and appurtenances aboard the L/B Jamie G. Eymard;
- Failed to keep the L/B Jamie G. Eymard in a reasonable state of repair;

- Failed to properly supervise the crew of the L/B Jamie G. Eymard, including Plaintiff;
- Failed to adequately provide for the safety and well-being of the crew of the L/B Jamie G. Eymard, including Plaintiff;
- Failed to remedy dangerous conditions aboard the L/B Jamie G. Eymard;
- Failed to safely operate the L/B Jamie G. Eymard;
- Failed to take appropriate safety measures during a tropical storm;
- Failed to provide reasonably safe working conditions to the crew of the L/B Jamie G. Eymard; and
- Other acts so deemed negligent or grossly negligent.

12. Each of the foregoing acts and omissions, singularly or in combination with others, constituted negligence and/or gross negligence that proximately resulted in the injuries Plaintiff suffered.

13. The particular acts or omissions constituting negligence or gross negligence, listed above, were committed by Defendant Offshore's agents, servants, and employees within the course and scope of their engagement. As such, Defendant Offshore is liable for their agents', servants', and employees' negligent acts and omissions under the doctrine of *respondeat superior*.

14. At all times material hereto, the L/B Jamie G. Eymard was unseaworthy.

***B. Negligence and Gross Negligence Against Defendant Freeport-McMoRan Oil & Gas LLC***

15. Defendant Freeport-McMoRan is liable to Plaintiff under the theory of negligence. The injuries to Plaintiff resulted as a proximate consequence of the negligence of

Defendant Freeport-McMoRan, its agents, servants, and employees in the following fashion when Defendant Freeport-McMoran:

a. Failed to take appropriate safety measures doing a tropical storm;

b. Failed to provide a reasonably safe work environment;

c. Failed to behave in the way that a reasonably prudent employer would;

d. Ordered the L/B Jamie G. Eymard and her crew to stay out at sea during a tropical storm;

e. Failed to adequately provide for the safety of their contractors; and

f. Other acts so deemed negligent and grossly negligent.

16. Each of the foregoing acts and omissions, singularly or in combination with others, constituted negligence and/or gross negligence that proximately resulted in the injuries Plaintiff suffered.

17. The particular acts or omissions constituting negligence or gross negligence, listed above, were committed by Defendant Freeport-McMoRan's agents, servants, and employees within the course and scope of their engagement. As such, Defendant Freeport-McMoRan is liable for their agents', servants', and employees' negligent acts and omissions under the doctrine of *respondeat superior*.

**IV.**

**<u>Damages</u>**

18. As a result of this occurrence, Plaintiff sustained severe injuries to his body, which resulted in physical pain, mental anguish, physical impairment, and loss of enjoyment of life. In all reasonable probability, Plaintiff's physical pain, mental anguish, physical impairment, and loss of enjoyment of life will continue indefinitely. Plaintiff has also

suffered a loss of earnings in the past, as well as a loss of future earning capacity. Plaintiff has incurred or will incur pharmaceutical and medical expenses in connection with his injuries. Plaintiff has been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which he now sues.

19. Despite Plaintiff's severe and extensive injuries, he has not been paid maintenance and cure. Specifically, Defendant Offshore has not paid all of Plaintiff's medical bills related to injuries at issue in this lawsuit. As a Jones Act seaman, Plaintiff is entitled to maintenance and cure benefits due to his injuries suffered on the job. Thus, Plaintiff seeks recoupment of past maintenance and cure benefits, and requests that the Court order Defendant Offshore pay all maintenance and cure benefits that Plaintiff is entitled to in the future. Moreover, Plaintiff alleges that Defendant Offshore's failure to pay maintenance and cure is arbitrary, capricious, willful, and wanton given the undeniable fact that Plaintiff was injured on the job and has not reached maximum medical improvement. Thus, Plaintiff seeks attorneys' fees and punitive damages.

## V.

## Jury Demand

20. Plaintiff hereby demands a trial by jury.

## VI.

## Prayer

**WHEREFORE,** Plaintiff, Curtis Young, prays that the Defendants be cited and served with a copy of this complaint, and after due proceedings are had, including trial by jury, there be judgment rendered in his favor and against Defendants for such damages as are reasonable, plus interest, costs, and any other relief as warranted by the circumstances.

Respectfully submitted,

PIERCE SKRABANEK, PLLC

*/S/ M. PAUL SKRABANEK*

M. Paul Skrabanek
LA State Bar No. 34980
3701 Kirby Drive, Suite 760
Houston, TX 77098
Telephone: (832) 690-7000
Facsimile: (832) 616-5576

**ATTORNEYS FOR PLAINTIFF**