UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CURTIS YOUNG | CIVIL ACTION |
| VERSUS | NO: 18-4464 |
| FREEPORT-MCMORAN OIL & GAS, LLC, ET AL. | SECTION: "A" (2) |

## ORDER AND REASONS

The following motion is before the Court: **Motion for Partial Summary Judgment (Rec. Doc. 26)** filed by Defendant, Offshore Marine Contractors, Inc. Plaintiff, Curtis Young, opposes the motion. The motion, submitted for consideration on April 17, 2019, is before the Court on the briefs without oral argument.

Plaintiff, a seaman, filed suit against Defendant for injuries allegedly sustained on August 29, 2016, aboard the L/B JAMIE EYMARD. The crux of Defendant's motion is that Plaintiff concealed a pre-existing back injury when he was hired. Defendant moves the Court to determine as a matter of law that Plaintiff must forfeit all rights to maintenance and cure pursuant to *McCorpen v. Central Gulf Steamship Corp.*, 396 F.2d 547 (5th Cir. 1968). The *McCorpen* defense may apply when an injured seaman has "willfully concealed from his employer a preexisting medical condition." *Johnson v. Cenac Towing, Inc.*, 544 F.3d 296, 301 (5th Cir. 2008) (quoting *Brown v. Parker Drilling Offshore Corp.*, 410 F.3d 166, 171 (5th Cir. 2005)).

This matter is scheduled to be tried to the bench on August 21, 2019. (Rec. Doc. 23).

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* (*citing Anderson*, 477 U.S. at 248). The court must draw all justifiable inferences in favor of the non-moving party. *Id.* (*citing Anderson*, 477 U.S. at 255). Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. *Id.* (*citing* Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *Id.* (*citing SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993)).

When faced with a well-supported motion for summary judgment, Rule 56 places the burden on the non-movant to designate the specific facts in the record that create genuine issues precluding summary judgment. *Jones .v Sheehan, Young, & Culp, P.C.*, 82 F.3d 1334, 1338 (5th Cir. 1996). The district court has no duty to survey the entire record in search of evidence to support a non-movant's position. *Id.* (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1992); *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300,

1307 (5th Cir. 1988)).

The Court is persuaded that the *McCorpen* question should be resolved as part of the trial on the merits. In particular, the Court is concerned with whether Defendant has met its burden of proof with respect to whether a sufficient connection exists between any allegedly withheld information and the injuries at issue in this lawsuit. The Court declines to make that determination on the briefs.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Partial Summary Judgment (Rec. Doc. 26)** filed by Defendant, Offshore Marine Contractors, Inc. is **DENIED.**

April 30, 2019

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE